## Case No. 1,749.
### BOYD et al. v. UNITED STATES.
[14 Blatchf. 317.][1]

Circuit Court, S. D. New York.    Sept. 15, 1877.

INTERNAL REVENUE — DEFINITION — "DISTILLED SPIRITS"— ACTION FOR FORFEITURE—DEFENSES.

1. The term "distilled spirits," as used in sections 3289 and 3299 of the Revised Statutes, includes all spirits which have been distilled, whether they have been subsequently rectified or not.

2. The fact that a person has, in good faith, made advances upon distilled spirits, is no defense to an action for their forfeiture under those sections.

[Error to the district court of the United States for the southern district of New York.]

[At law. Action by the United States against 50 barrels of Cologne spirits. There was judgment for the plaintiff, and Francis O. Boyd and another, claimants, bring error. Affirmed.]

George W. Cotterill, for plaintiffs in error.
Roger M. Sherman, Asst. Dist. Atty., for the United States.

JOHNSON, Circuit Judge. The principal question in this case arises upon the exceptions to the charge of the judge at the trial, declaring the construction and meaning of two sections of the Revised Statutes, numbered 3289 and 3299. The former reads as follows: "All distilled spirits found in any cask or package containing five gallons or more, without having thereon each mark or stamp required therefor by law, shall be forfeited to the United States." The latter is in these words: "All distilled spirits found elsewhere than in a distillery or distillery warehouse, not having been removed therefrom according to law, shall be forfeited to the United States." The judge ruled, that "distilled spirits," under each of these sections, meant and included all spirits which had been distilled, whether subsequently rec-

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

tified or not; and to this the claimants excepted. The case was then submitted to the jury, who found for the United States. It is to be assumed that the charge was, in all other respects, correct, since its substance is not stated, and the only exception to the charge is that already set forth. Obviously, distilled spirits do not lose that character by undergoing a subsequent process of rectification, either in the ordinary form of the words, or under the meaning of the term, as employed in section 3248 of the Revised Statutes, where distilled spirits are described or defined. But, nevertheless, if the context made it clear that the term was used in a restricted sense, and in contrast with the term "rectified spirits," it would be the duty of the court to carry out the legislative will. In several of the sections of the chapter in question (chapter 4, tit. 35) the term is unquestionably used in the general sense, embracing all sorts of distilled spirits. For instance, in section 3312: "All stamps required for distilled spirits shall be engraved, in their several kinds, in book form, and shall be issued by the commissioner of internal revenue to any collector, upon his requisition." Each stamp is to have an engraved stub, and a number thereon, corresponding to that on the stamp. The stub is not to be removed from the book, and upon it memoranda are to be made, so as to preserve a perfect record of the corresponding stamp. These provisions are general, and relate to every sort of stamp for distilled spirits, rectified or not. So, in section 3316, which relates to the affixing or cancelling any stamp relating to distilled spirits, provided for by law, and to the affixing, or permitting to be affixed, any such stamp to any cask or package of spirits, of which the whole, or any part, has been distilled, rectified, compounded, removed or sold, in violation of law, it is obvious, that the term "distilled spirits" covers them in all states, rectified, compounded, or only in their first condition. In section 3327, regulating the time of day for the removal of distilled spirits, they are forbidden to be removed from the building in which the same may have been distilled, redistilled, rectified, compounded, manufactured or stored, which plainly includes every kind of spirits which have once been distilled, no matter what other operation they may have been subjected to. In section 3323, it is provided, that all distilled spirits drawn from one and put in another package, shall be regauged; and that the new package shall be marked or branded with the particular name of such spirits, as known to the trade, and with the name and place of business of the dealer or rectifier, as the case may be, and, except where such spirits have been rectified or compounded, with the name of the distiller, &c., and, where they have been rectified, with the name of the rectifier, &c. Various other instances might be referred to, but I think these are sufficient to establish the position, that, in this chapter, the term "distilled spirits" includes that substance in each of its forms, and includes as well rectified as non-rectified spirits, unless, in the particular provision of the law, some repugnancy appears from attributing this sense to the words. Nothing of that sort appears in either of these sections. In section 3289, the marks and stamps required therefor by law, are either those required before rectification, or those peculiar to rectified spirits, according to the fact. But, the command of the section is not complied with when it appears that the marks and stamps have been fraudulently and unlawfully applied, contrary to the provisions of the statute; as, for instance, if it appears that a package bears rectification stamps unlawfully issued in blank, and not filled up by the proper officer, or, if the package appears under such stamps, when, in fact, it has not borne those stamps appropriate to it before rectification. These remarks are, perhaps, not necessary to the decision of this cause, the point raised upon the charge relating only to the question whether distilled spirits include rectified spirits. The other section applies to rectified spirits as well as other distilled spirits, though the proof of their identity, and that they have not been removed according to law, may be difficult, even with the aid of the presumption created by section 3334. U. S. v. 508 Barrels [Case No. 15,113]; U. S. v. 6 Barrels [Id. 16.294].

The only other question which I deem it necessary to advert to, is that urged by the claimants, that they were bona fide purchasers, having made advances in good faith upon the spirits in question. The case of Henderson's Spirits, 14 Wall. [81 U. S.] 44, seems to me to establish that no question of bona fide enters into the case. The forfeiture declared by the act of congress cannot be thus defeated. It is absolute; and it does not lie with the court to modify the severity of the statute, by its ideas of what would be just to the party suffering loss in the particular case. The case of U. S. v. 100 Barrels [Case No. 15,947], decided in the Maryland district, both in the district and circuit courts, does not, as I understand it, upon a view of the plea demurred to, involve anything more than the construction of the statute under which the forfeiture was incurred. That statute extended the forfeiture happening upon a certain fact, to all spirits received by the party guilty of that fact. The plea was, that, at the time of the seizure, the property was owned by the claimant, and not by the person charged with committing the fact creating the forfeiture. This plea was sustained upon demurrer, and the decision only determined that ownership at the time of the seizure, by the guilty party, was necessary to bring the property within the operation of the clause of forfeiture.

The other questions do not seem to me to need any special notice, and the decisions

on them were, in my opinion, correct. The judgment must be affirmed, with costs.

[NOTE. This case in the district court does not appear to have been reported.]